1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WILDY LAUREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-01544-KJD-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WILLIAM NELLIS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court conducted a dispute resolution conference at the request of counsel on April 25, 2011, commencing at 2:02 p.m and concluding at 2:28 p.m.  The Plaintiff, Wildy Lauren, and defense counsel Philip R. Byrnes and Thomas Dillard participated.

Counsel for LVMPD requested the discovery dispute resolution conference because Plaintiff was refusing to answer a number of questions at her deposition concerning her personal history and background, including her date of birth and place of birth.

At a hearing conducted April 14, 2011, the court denied Plaintiff's request to have her deposition taken at the courthouse, and granted Plaintiff's request to have a neutral non-witness present with her for moral support during her deposition.  The court also required the Plaintiff and her primary witness, Mr. Linn, to disclose their social security numbers and dates of birth, denying Plaintiff's request for a protective order that this information need not be provided..  However, the court granted a protective order precluding the parties from using this personal identifying information for any purpose unrelated to this case.

During the telephonic dispute resolution conference, counsel for LVMPD and the individual officers indicated that Plaintiff was refusing to answer questions regarding her place of birth and date of

birth, and was unwilling to provide testimony about her best recollection when she was not 100% sure of her answer.

Plaintiff explained that she did not believe that a number of the background questions counsel for the Defendants was asking her were relevant to her case.  Rather, she believed the questions about her place of birth, date of birth, and other information about her background and prior residences was private information that she should not be required to disclose.  Counsel for the Defendants indicated he had no objection to the court extending its protective order to cover Plaintiff's personal information, and had no intention of using it for any purpose unrelated to this case.

The court explained to the Plaintiff in some detail that she was required to answer questions about her background, including  information she regards as private, unless she had a basis for asserting a legally recognized privilege.  The court explained that as Plaintiff brought this suit, the Defendants were entitled to a reasonable amount of information about her background, prior residences, prior employment, and the like as part of routine discovery in every federal case.  The court also explained to the Plaintiff firmly, and on more than one occasion during the telephone conference, that if she refused to cooperate in providing this routine discovery, her lawsuit could be dismissed for failure to cooperate in her discovery obligations.  The court directed her to answer the questions asked, unless she had a basis for asserting a privilege objection.

Counsel for Defendants also indicated that Plaintiff was refusing to answer questions unless she was 100% sure of the answer.  The court again explained to the Plaintiff that the Defendants were entitled to her best recollection even if she was not 100% sure of the response, and that she should respond to the best of her ability.   Finally, defense counsel indicated Plaintiff was reading a lengthy objection to questions.  Defense counsel agreed she could have a continuing objection.  The court advised the Plaintiff that she need only state "objection, for the reasons previously contained in my written statement", and that this would preserve her objections, and she did not need to repeat her lengthy statement on every occasion.

Plaintiff  indicated that she had requested the depositions of the two individual officers, and that Mr. Dillard had declined to provide available dates because the discovery cutoff had expired.  Mr. Dillard indicated that he understood the court had extended the time for Plaintiff to serve her discovery

2

requests, but did not understand that the court intended to extend other discovery deadlines.  The court inquired whether she had investigated the costs of taking the officers' depositions, explaining that she would responsible for the deposition costs, including the court reporter's fees.  Plaintiff had not.  The court therefore directed her to do so and to determine whether she wished to incur the costs of deposing the two officers.  The court also required counsel for the Defendants to obtain available dates and times from the officers for the Plaintiff to depose them within the next thirty days.  The court will also extend the deadline for filing dispositive motions until thirty days after the deadline for completing the two officers' depositions.

**IT IS ORDERED** that:

1. Plaintiff shall respond to defense counsel's deposition questions unless the question requires disclosure of privileged information.  Plaintiff is warned that failure to cooperate in discovery and answer proper deposition questions may result in dismissal of her case for failure to meet her discovery obligations.

2. Plaintiff has leave to take the deposition of the two Defendant officers.  However, Plaintiff shall be responsible for the costs of proceeding with the depositions.  Counsel for the Defendant officers shall obtain available dates and times for the officers' depositions to be taken within the next thirty days.

3. Plaintiff shall have until **May 3, 2011**, to confirm she wishes to proceed with the officers' depositions, and to confirm the dates for those depositions to be taken no later than May 25, 2011.

4. The discovery cutoff is extended until **May 25, 2011,** for the purpose of allowing Plaintiff to take the deposition of the two Defendant officers.

5. The deadline for filing dispositive motions is extended until **June 25, 2011**.

6. The deadline for filing the Joint Pretrial Order is extended until **July 25, 2011**.  In the event dispositive motions are timely filed, , the date for filing the Joint Pretrial Order shall be suspended until 30 days after a decision of the dispositive motions.

///

///

7.    The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

Dated this 25th day of April, 2011.

Peggy A. Leen
United States Magistrate Judge

4