**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILDY LAUREN,

           Plaintiff,

vs.

WILLIAM NELLIS, *et al.*,

           Defendants.

Case No. 2:10-cv-01544-KDJ-PAL

**ORDER**

(Mot./Compel & Sanctions - Dkt. #38/39)

Before the court is Plaintiff's Motion to Compel Discoveries (sic) Responses and Motion to Sanction Defendants (Dkt. #38 & #39). Plaintiff seeks an order pursuant to Fed. R. Civ. P. 37 to compel responses to interrogatories and requests for production of documents, and sanctions, "for defendants' counsel negligently filing a false factual background containing erroneous allegations". The court will deny the motion without waiting for Defendants' response because Plaintiff has not complied with the requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b).

Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery. It provides in pertinent part: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Local Rule 26-7(b) also provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes. First, the parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary

expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Second, the meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought". Id. For the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." Id. To accomplish this requirement,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be "a sincere effort" to resolve the matter.

Id. Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims. Id.

The court should not consider a motion to compel unless the moving party provides a certification of counsel which "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v Progressive Games, Inc*. 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention. Id. To accomplish the underlying policy of Local Rule 26-7(b) and Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have been "unable to resolve the matter" and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." Id. at 171. A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non-judicial means." Id.

///

Plaintiff's motion to compel does not contain a certification or any indication that she attempted to meet and confer in a good faith effort to resolve this matter without court intervention. She has therefore not complied with Rule 37(a)(1) or Local Rule 26-7(b). Additionally, Plaintiff apparently has complaints about the adequacy of the responses. However, with the exception of Officer Colacurci's Answer to Interrogatory No. 25 which the Plaintiff regards as evasive, she does not state what answers she regards as evasive or incomplete. Additionally, if she is unable to resolve her disputes concerning the adequacy of the Defendants' responses to her discovery requests after complying with the meet-and-confer obligations outlined in this order, she must also comply with Local Rule 26-7(a) which requires that all motions to compel discovery set forth the full text of the discovery originally sought and the response to it.

Plaintiff must confer with opposing counsel in an effort to resolve her disputes without the court's intervention before filing a motion to compel. The court will not consider a motion to compel that does not comply with the requirements of Rule 37(a)(1) and Local Rule 26-7(b), and the cases cited in this order. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel and Motion for Sanction (Dkt. #38 and #39) is **DENIED**.

Dated this 27th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge