# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILDY LAUREN,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM NELLIS, *et al.*,<br><br>  Defendants. | Case No. 2:10-CV-01544-KJD-PAL<br><br>**ORDER** |

  Presently before the Court is Plaintiff's Motion to Vacate Judgment (#68). Defendants filed a response in opposition (#70). Also before the Court is Plaintiff's Motion to Quash/Oppose (#72). Plaintiff then filed a Motion for a Hearing and Notice of Newly Found Discoveries (#73/74). Defendants filed a response in opposition (#76). Plaintiff then filed a Notice of Defendants' Failure to Serve an Opposition and Motion for E-mail Notification (#77).

I.  Background and Procedural History

  Plaintiff filed the present action on August 3, 2010 in Nevada state court under 28 U.S.C. § 1983 asserting that Defendants violated her constitutional rights under color of state law. Plaintiff asserts that Defendants violated her right to be free from unreasonable search and seizure and excessive force. This action was subsequently removed to federal court and Plaintiff filed her amended complaint on December 20, 2010. The amended complaint asserted claims for violations

of Plaintiff's Fourth and Fifth Amendment rights, a state law claim for intentional infliction of emotional distress, and a Monell claim against the Las Vegas Metropolitan Police Department. On November 17, 2011, the Court granted (#62) Defendants' motion for summary judgment and Judgment (#63) was entered against Plaintiff. On May 16, 2012, Plaintiff filed the present motion to vacate the judgment under Federal Rule of Civil Procedure 60(b), asserting that she did not receive notice of hearings, clerical mistakes were made in the Court's findings of fact and that she had newly discovered evidence.

II.  Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1]  Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id.

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

2

of Plaintiff's Fourth and Fifth Amendment rights, a state law claim for intentional infliction of emotional distress, and a Monell claim against the Las Vegas Metropolitan Police Department. On November 17, 2011, the Court granted (#62) Defendants' motion for summary judgment and Judgment (#63) was entered against Plaintiff. On May 16, 2012, Plaintiff filed the present motion to vacate the judgment under Federal Rule of Civil Procedure 60(b), asserting that she did not receive notice of hearings, clerical mistakes were made in the Court's findings of fact and that she had newly discovered evidence.

II.  Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1]  Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id.

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

1995). A Rule 60(b) motion must be filed within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered. See Fed. R. Civ. P. 60(b). Errors of law are cognizable under Rule 60(b)(1). See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). Also, Rule 60(b) allows a district court judge to vacate a judgment on its own motion if after "mature judgment and re-reading the record he [is] apprehensive that he had made a mistake." Id. at 352. However, due process requires the court to give notice and an opportunity to be heard before vacating a judgment on its own motion. See id.

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

In order to meet the "newly discovered evidence" requirement within the meaning of Rules 60(b)(2) and 59, parties must show the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." United States v. Westlands Water Dist., 134 F. Supp.

2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987).  Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence.  See School Dist. No. 1J., 5 F.3d at 1263.  Under both Rules 59 and 60, if the evidence was in the possession of the party before the judgment was rendered it is not newly discovered.  See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987).  Moreover, fact of possession makes clear the party did not use due diligence to discover it.  See Coastal Transfer Co., 833 F.2d at 212.

III.  Analysis

It is clear that most of Plaintiff's arguments are her mere disagreement with the Court's previous order on the motion for summary judgment.  Mere disagreement with the Court's ruling is not grounds for reconsideration under Rule 60(b).  For example, Plaintiff's assertion that "clerical mistake[s]" made the Court's factual findings clear error are mistaken and at best argumentative.  For example, the first error identified by Plaintiff that the Court committed clear error when it mistakenly found "that neighbor Bach asserted that Plaintiff Wildy Lauren deliberately tried to strike Ms. Bach with her vehicle" does not withstand analysis.  First, the Court did not find that Plaintiff deliberately attempted to strike Bach with her car.  Instead, the Court found that Bach made that assertion in Bach's 911 call leading to Lauren's confrontation with the police.  It is undisputed that Bach made the assertion in her 911 call.  Just as this argument is clearly incorrect, Plaintiff's subsequent arguments are so insubstantial as to require no further consideration.

As to Plaintiff's claim that she did not receive notice of hearings, it is undisputed that in one instance the magistrate judge noted that Plaintiff had not been properly notified of a hearing held by the magistrate.  Plaintiff was not prejudiced by her failure to appear at the hearing as noted by the Court.  Instead of hearing argument on the motion, the magistrate judge only considered the briefing and properly issued an order based only on the written briefing.  Plaintiff never objected to the magistrate's ruling, making it the law of the case.  Further, this Court did not hold a hearing on

1  Defendants' Motion for Summary Judgment (#62), instead finding the motion appropriate for
2  resolution on the briefing.  Therefore, Plaintiff's motion to vacate based on this claim is denied.
3        Finally, Plaintiff argues that compact discs ("CDs") that she filed separately with her motions
4  contains newly discovered evidence that require the Court to vacate judgment.  However, Plaintiff
5  has failed to point out that any specific item on the CDs is newly discovered evidence, or what
6  specific items require the Court to vacate its judgment.  Judges are not required to evaluate Plaintiff's
7  lump of "evidence" and determine how it best aids Plaintiff's argument that the judgment should be
8  vacated.  See U.S. v. Dunkel, 927 F.2d 955 (7th Cir. 1991)("Judges are not like pigs, hunting for
9  truffles buried in briefs.").  Instead, Plaintiff is required to lay out the evidence and pinpoint the exact
10 portions that support her argument.
11       Even if the Court considers the evidence on the CDs, it is clear that one CD contains no
12 newly discovered evidence, but is video and photographs that Plaintiff has had access to from the
13 beginning of her action.  The second CD appears to contain video of her criminal trial for
14 misdemeanor obstruction of a police officer, for which she was found guilty.  She identifies no
15 specific testimony as requiring a new trial.  The Court will not do so for her.  Her motions are denied,
16 and the Court will consider no further motions for reconsideration or to vacate.

17 IV.  Conclusion

18       Accordingly, IT IS HEREBY ORDERED that  Plaintiff's Motion to Vacate Judgment (#68)
19 is **DENIED**;
20       IT IS FURTHER ORDERED that Plaintiff's Motion to Quash (#72) is **DENIED**;
21       IT IS FURTHER ORDERED that Motion for a Hearing and Notice of Newly Found
22 Discoveries (#73/74) is **DENIED**;
23 ///
24 ///
25 ///
26 ///

1   IT IS FURTHER ORDERED that Plaintiff's Motion for E-mail Notification (#77) is
2 **DENIED**.
3   DATED this 19th day of February 2013.

_____
Kent J. Dawson
United States District Judge